FILED

2022 SEP 19 PM 2:02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN MIXON,** | * | CIVIL ACTION NO. |
| | * | 3:22-cv-1011-TJC-MCR |
| Plaintiff | * | |
| | * | |
| versus | * | DISTRICT JUDGE |
| | * | |
| **TOTE SERVICES, LLC, AND** | * | |
| **AMERICAN ROLL-ON** | * | |
| **ROLL-OFF CARRIER, LLC,** | * | |
| | * | |
| Defendants | * | MAGISTRATE JUDGE |

### ORIGINAL COMPLAINT OF SEAMAN FOR DAMAGES UNDER THE JONES ACT AND GENERAL MARITIME LAW AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through the undersigned counsel, comes plaintiff, **BRIAN MIXON**, a person of the full age of majority, who respectfully represents as follows:

1.

**PLAINTIFF**

Plaintiff **BRIAN MIXON** is a resident and domiciliary of Pensacola, Florida.

2.

Page 1 of 12

## DEFENDANTS

Made defendants herein are:

1) **TOTE SERVICES, LLC**, a Delaware corporation with a principal place of business at 10401 Deerwood Park Boulevard, Building 1, Suite 1300, Jacksonville, FL 32256; and

2) **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC**, a New Jersey corporation with a principal place of business at 816 A1A N., Suite 101, Ponte Vedra Beach, FL 32082.

3.

## JURISDICTION

The jurisdiction of this Court is raised and exists pursuant to the Jones Act, 46 U.S.C. § 30104 *et seq*, and general maritime law.

4.

At all times relevant hereto, **BRIAN MIXON** was a Jones Act employee of Defendant **TOTE SERVICES, LLC**, and was a seaman and member of the crew of a vessel owned by Defendant **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC**. As such, **BRIAN MIXON** is entitled to all protections and benefits allowed by law to persons of his status working as a seaman.

5.

## FACTUAL BACKGROUND

On or about October 14, 2021, and October 15, 2021, Plaintiff **BRIAN MIXON** sustained injuries during the course and scope of his employment as an ordinary seaman. At all material times, Plaintiff was employed in service of the RESOLVE, a freight vessel, and Plaintiff was a member of said vessel's crew in navigable waters near Cartagena, Colombia. At all material times, the RESOLVE was owned by Defendant, **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC**. At all material times, the RESOLVE was operated and/or controlled by Defendant, **TOTE SERVICES, LLC**, and/or Defendant, **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC**. On or about October 14, 2021, and October 15, 2021, employees and/or agents of Defendants negligently caused Plaintiff to sustain injuries aboard the RESOLVE.

6.

In October of 2021, **BRIAN MIXON** was assigned by his employer, **TOTE SERVICES, LLC**, to work, sleep, eat and travel onboard the vessel RESOLVE owned by **AMERICAN ROLL-ON**

**ROLL-OFF CARRIER, LLC**, which was performing various work tasks in the waters off the coast of Colombia.

7.

In early October of 2021, employees and/or agents of **TOTE SERVICES, LLC**, ordered **BRIAN MIXON** to "pull lines," a process of manually handling heavy ropes to tie the RESOLVE to a fuel barge. While pulling the lines, **BRIAN MIXON** felt a pain in his back. He reported the pain to Chief Mate Andrew Moffly and took ibuprofen.

8.

On or about October 14th – 15th, the Resolve was approximately 500 meters from the dock in Cartagena, Colombia, when the RESOLVE's Captain Justin Hajduk and Chief Mate Andrew Moffly ordered **BRIAN MIXON** to pull lines. There should have been four or five crew members on deck to assist, but because the ship was sailing short with an inadequate crew, Brian was one of only two crew members pulling lines. **BRIAN MIXON** told the captain and the chief mate that he should not be pulling lines because of his previous pain. The captain and the chief mate rejected his pleas and ordered him to again pull lines.

9.

While pulling the lines, **BRIAN MIXON** felt extreme pain in his back. The pain in Brian's back was much worse than it had been initially in early October. Brian reported the injury to the medical staff. He was forced to remain on the ship on bedrest, and he was required to wait weeks to receive appropriate medical care.

10.

As a result of being wrongly ordered to pull lines, **BRIAN MIXON** sustained spinal disc injuries with retrolisthesis at L2-L3 and L3-L4. **BRIAN MIXON** underwent stem cell treatment, a right L4 transforaminal epidural steroid injection, and ultimately a microdiscectomy at L3-L4.

11.

**BRIAN MIXON** continues to experience significant pain and limitation, and his medical treatment is ongoing.

12.

## COUNT ONE – NEGLIGENCE

The defendant, **TOTE SERVICES, LLC**, was negligent in the following particulars and such negligent conduct was the proximate cause of the damages sustained by **BRIAN MIXON**:

1) Improperly and negligently requiring plaintiff to perform strenuous labor when he was already in pain;

2) Improperly and negligently requiring plaintiff to perform strenuous labor without enough crewmembers to help;

3) Failing to discover the dangers at hand;

4) Failing to warn of the dangers at hand;

5) Failing to provide plaintiff adequate and/or necessary protection from harm;

6) Failing to remove the plaintiff from a dangerous situation;

7) Failing to have a qualified medic and/or medical provider onboard the vessel;

8) Failing to render proper emergency treatment;

9) Failing to promptly transport the plaintiff to a medical health facility;

10) Requiring the plaintiff to continue to perform work after they knew and/or should have known that he was in pain;

11) Failing to promptly transport the plaintiff to land;

12) In providing the plaintiff with inadequate physical care, in lieu of efficacious medical attention, thereby keeping him onboard the vessel;

13) Failing to timely and appropriately address plaintiff's medical needs;

14) Failing to inspect and/or plan for potential hazards aboard the vessel;

15) Failing to put safety as its first priority during operations;

16) Failing to conduct a proper safety meeting or JSA prior to the work being performed at the time of Plaintiff's accident;

17) Failing to provide Plaintiff with a safe and non-hazardous place to work;

18) Failing to keep its vessel in a safe and operable condition;

19) Failing to adequately train and/or supervise crew members and/or all other workers in the performance of their duties;

20) Failing to properly equip its crew members and/or all other workers;

21) Failing to devise and implement an adequate crew safety protocol;

22) Failing to provide adequate and/or timely medical treatment following the incident in question;

23) Any and all other acts of negligence, which may surface during the discovery process in this case.

13.

## COUNT TWO – UNSEAWORTHINESS

At all times pertinent hereto, Defendant **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC**'s vessel was unseaworthy in one of more of the following respects to wit:

1) The vessel(s) and all of her equipment and appurtenances were not safe for the performance of the operations in question;

2) The vessel(s) and all of her equipment and appurtenances were not reasonably fit for its intended purpose;

3) The vessel crew was inadequately trained for the operations being conducted at the time;

4) The vessel crew was inadequate in number;

5) The vessel failed to have the required complement of crew;

6) The vessel and all of her equipment and appurtenances were inadequate and/or inadequately maintained; and

7) Other unseaworthy conditions to be determined at a trial of this action.

Said unseaworthiness was also the proximate cause of damages suffered by **BRIAN MIXON**.

14.

## COUNT THREE – MAINTENANCE AND CURE

Defendants are liable to **BRIAN MIXON** for the *de legis* contractual obligation of maintenance and cure, which they have willfully ignored.

15.

## COUNT FOUR – PUNITIVE DAMAGES

Defendant, TOTE SERVICES, LLC, has arbitrarily and capriciously failed to honor its maintenance and cure obligations unto

Plaintiff, and as such, BRIAN MIXON is entitled to an award of Punitive Damages and Attorneys Fees as a result of said breach. Additionally, Defendant failed to render prompt and adequate medical attention to BRIAN MIXON aboard the vessel, and Punitive Damages should also be awarded as a direct result of its failure to do so.

16.

## **OTHER DAMAGES**

The plaintiff sustained the following non-exclusive list of damages and injuries:

1) past and future physical and mental pain and suffering;

2) psychological injuries including fear, depression and anxiety;

3) past and future loss of wages;

4) past and future diminution of wage earning capacity;

5) past and future medical expenses; and

6) other damages that may come to light through the discovery process.

17.

## JURY TRIAL

The plaintiff, **BRIAN MIXON**, is entitled to and prays for a trial by jury.

**WHEREFORE,** plaintiff, **BRIAN MIXON**, respectfully requests that this Honorable Court, after all necessary delays, a trial by jury and due proceedings had, render judgment in favor of **BRIAN MIXON** and against defendants, **TOTE SERVICES, LLC,** and **AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC,** for an amount of damages to be set by the trier of fact, including but not limited to special damages, general damages, punitive damages, maintenance, cure, all costs of these proceedings, as well as attorneys' fees where appropriate and for all general and equitable relief herein based on the premises.

[signature block on next page]

Respectfully submitted,

By: /s/ J. Christopher Zainey, Jr.

**LAMBERT, ZAINEY, SMITH & SOSO, PLC**
701 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
czainey@lambertzainey.com
J. CHRISTOPHER ZAINEY, JR.
Louisiana Bar No. 32022

AND

**GREGORIO, CHAFIN, JOHNSON & TABOR, L.L.C.**
9284 Linwood Avenue
Shreveport, LA 71106
Telephone: (318) 865-8680
Facsimile: (318) 865-8565
SCOTT J. CHAFIN, JR. (Trial Attorney)
Louisiana Bar No. 29793
JULIE PAYNE JOHNSON
Louisiana Bar No. 31380
schafin@gcj-law.com
jjohnson@gcj-law.com

COUNSEL FOR PLAINTIFF BRIAN MIXON